```
              IN THE UNITED STATES DISTRICT COURT
                          FOR THE
                MIDDLE DISTRICT OF PENNSYLVANIA
```

DOMINIC BLACK,                          :
                                        :
           Plaintiff                    :
                                        :
      v.                                :    CIVIL NO. 3:CV-15-147
                                        :
PENNSYLVANIA PAROLE BOARD,               :    (Judge Conaboy)
ET AL.,                                 :
                                        :
           Defendants                   :

_____

## MEMORANDUM
### Background

Dominic Black, an inmate presently confined at the State Correctional Institution, Camp Hill, Pennsylvania (SCI-Camp Hill) Filed this pro se civil rights action.  By Order dated April 24, 2015, dismissal was granted in favor of Defendant Judge Andrew Dowling of the Dauphin County, Pennsylvania Court of Common Pleas and service of the Complaint on the Remaining Defendants was ordered.

Remaining Defendants are the Pennsylvania Board of Probation and Parole, two of its officials, Lisa Moser and Kimberly Barkley.  Black's surviving claims alleged that the procedures employed by the Parole Board in reviewing his application for reparole and the calculation of his maximum term of confinement expiration date were unconstitutional.

1

Remaining Defendants responded to the Plaintiff's surviving claims by filing a motion to dismiss.  By Order dated February 26, 2016, Plaintiff's motion requesting leave to file an amended complaint was granted and Remaining Defendants' motion to dismiss (Doc. 26) was dismissed as moot.[1]  See Doc. 60. Black was directed to file a single, all inclusive Amended Complaint within twenty-one (21) days of the date of the Order, The Plaintiff was forewarned that failure to timely submit an amended complaint or otherwise respond to the Order would result in dismissal of his action for failure to prosecute.  He was also provided with a form civil rights complaint.

## Discussion

A review of the docket shows that since entry of the February 26, 2016 Order, Black has not submitted an amended complaint to the Court.  The form complaint which was mailed to the Plaintiff has not been returned.  Nor has Plaintiff requested additional time in which to file an amended complaint.  Black has also not sought reconsideration of the February 26, 2016 Order.  For reasons that are unclear, Black did file two additional motions to amend Docs. 61 & 62), neither of which were

---

[1] The Order determined that granting the motion was appropriate since liberal treatment is afforded to pro se litigants, an amended complaint was not previously filed, and based upon Black's contention that the purpose of his amended complaint would include related and necessary allegations which were not included in his Original Complaint,

2

accompanied by a proper amended complaint.[2]  The Plaintiff also submitted a motion to compel discovery which was deemed withdrawn for his failure to submit a supporting brief and an unsuccessful motion to dismiss the Remaining Defendants' motion to dismiss (which had already been dismissed as moot).

If a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action, with prejudice.  See Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (failure of a plaintiff to comply with a court's specific direction to comply with a local rule which required the filing of an opposing brief, warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis).  In a similar case, the Court of Appeals for the Third Circuit recognized that a district court "has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and Federal Rule of Civil Procedure 41(b)" when a litigant fails to comply with a court order directing him to file an amended complaint.  See Azubuko v. Bell National Organization, 243 Fed. Appx. 728, 729 (3d Cir. 2007).

---

[2] Since Black was already granted leave to amend, those motions will be dismissed as moot.

3

The Court of Appeals for the Third Circuit in Poulis set forth six (6) factors which must be considered in determining whether to dismiss an action with prejudice for failure to prosecute: (1) extent of the party's personal involvement; (2) prejudice to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was willful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense. See Adams v. Trustees, NJ Brewery Trust Fund, 29 F.3d 863 (3d Cir. 1994).

Adequate grounds have been established for the extreme sanction of dismissal.[3] In the present case it was Plaintiff who requested leave to file an amended complaint allegedly because related and necessary allegations were left out of the Original Complaint. Thus, based upon Black's own representations the surviving claims against the Remaining Defendants should not be allowed to proceed. Furthermore, although Black was clearly advised that he needed to submit a single all inclusive amended complaint regarding his surviving allegations; was been granted a reasonable period of time to do so; and supplied with a form civil rights complaint he has failed to make any attempt to

---

[3] Although Azubuko, 243 Fed. Appx. at 729, recognizes a "balancing under Poulis is unnecessary" in cases such as the present matter where a litigant's conduct makes adjudication of the case impossible, other Third Circuit decisions indicate that the Poulis analysis should be undertaken. See Hernandez v. Palakovich, 293 Fed. Appx. 890, 894 (3d Cir. 2008) (Poulis factors must be considered before dismissing a case as a sanction for failure to follow a court order).

4

submit a proper amended complaint as directed.  Accordingly, a finding of dilatoriness and willful conduct is warranted. Second, other sanctions are not a viable alternative because based upon Black's own representations to the Court this matter cannot proceed without the filing of an adequate amended complaint.

    Based upon the present circumstances, dismissal of this action without prejudice for failure to prosecute is warranted under the standards announced in <u>Azubuko</u> and <u>Poulis</u>.[4]  An appropriate order will enter.

                                     <u>S/Richard P. Conaboy</u>
                                     RICHARD P. CONABOY
                                     United States District Judge

DATED: OCTOBER 17, 2016

---

[4] However, if Plaintiff submits a proper proposed amended complaint on the form complaint within fourteen (14) days of the date of this Order, this matter will be reconsidered.